IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| ROBERT PEARSON, | ) CIVIL ACTION NO. CV 125-233 |
| Plaintiff, | ) |
| vs. | ) |
| AUGUSTA-RICHMOND COUNTY, GEORGIA; SHERIFF RICHARD ROUNDTREE, in his official and individual capacities; and JOHN DOE CORRECTIONAL OFFICERS AND MEDICAL STAFF of the Charles B. Webster Detention Center, in their individual capacities, | ) **ANSWER OF DEFENDANTS AUGUSTA-RICHMOND COUNTY, RICHARD ROUNDTREE, AND JOHN DOE CORRECTIONAL OFFICERS AND MEDICAL STAFF OF THE CHARLES B. WEBSTER DETENTION CENTER** |
| Defendants. | ) |

COME NOW Defendants Augusta-Richmond County, Georgia ("Defendant Augusta"); Richard Roundtree ("Defendant Roundtree"); and John Doe Correctional Officers and Medical Staff of the Charles B. Webster Detention Center ("Defendant John Doe") (collectively, the "Defendants") and file this their Answer to plaintiff's First Amended Complaint ("plaintiff's Complaint"), showing the Court as follows:

## FIRST DEFENSE

The plaintiff's Complaint fails to state a claim against upon which relief can be granted as to the Defendants and should be dismissed.

## SECOND DEFENSE

The plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

The plaintiff's claims, in whole or in part, are barred by the doctrines of laches, waiver and estoppel.

**FOURTH DEFENSE**

Defendants assert the defenses of privilege, legal justification, and any and all statutory defenses and immunities available to them.

**FIFTH DEFENSE**

Defendants at all times herein mentioned acted in good faith, without malice, and as to Defendants Roundtree and John Doe, within the scope of their duties as an officer and/or agent of the Sheriff of Richmond County, and all Defendants are, therefore, immune from the allegations of the plaintiff's Complaint.

**SIXTH DEFENSE**

The plaintiff's claims for punitive damages and attorney's fees are barred by statutory, constitutional and common law.

**SEVENTH DEFENSE**

The plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and applicable provisions of the Constitution of the State of Georgia on the following grounds:

a. It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive or exemplary damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

b. The procedures pursuant to which punitive or exemplary damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged

acts of wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution.

    c.    The procedures pursuant to which punitive or exemplary damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violate the due process clause of the Fourteenth Amendment to the United States Constitution.

    d.    The procedures pursuant to which punitive or exemplary damages are awarded fail to provide specific standards for the amount of the award of such damages, which thereby violate the due process clause of the Fourteenth Amendment to the United States Constitution.

    e.    The procedures pursuant to which punitive or exemplary damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the equal protection clause of the Fourteenth Amendment to the United States Constitution.

    f.    The procedures pursuant to which punitive or exemplary damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution and the excessive fines clause of the Constitution of the State of Georgia in that Defendants has no protection against disproportionate punishment allowed by recovery of such damages.

    g.    Allowing punitive or exemplary damages to be imposed by jurors as they think best offends the basic concept of due process, namely, the right of an individual to be free from arbitrary action by the government.

## **EIGHTH DEFENSE**

The plaintiff's claims are barred in whole, or in part, by the doctrines of contributory and/or comparative negligence and plaintiff's own misconduct and failure to exercise ordinary care.

**NINTH DEFENSE**

No act or omission on the part of the Defendants proximately caused any of plaintiff's alleged injuries or damages.

**TENTH DEFENSE**

Defendants did not violate a custom, policy, or practice and/or were not in charge of setting a custom, policy, or practice.

**ELEVENTH DEFENSE**

The plaintiff's claims are barred by the assumption of risk by the plaintiff.

**TWELFTH DEFENSE**

The plaintiff's claims against Defendants are barred, in whole or in part, by the doctrine of qualified immunity from suit and liability. Defendants did not violate any clearly established constitutional rights of which a reasonable official would have known, under the facts and circumstances available to them, and they are, therefore, entitled to qualified immunity.

**THIRTEENTH DEFENSE**

At no time were Defendants deliberately indifferent to any serious medical need of plaintiff. Defendants did not disregard any risk of serious harm to plaintiff of which they were subjectively aware.

**FOURTEENTH DEFENSE**

There has been an insufficiency of process as it relates to the Defendants, and Defendants hereby move to dismiss plaintiff's Complaint.

**FIFTEENTH DEFENSE**

There has been an insufficiency of service of process as it relates to the Defendants, and Defendants hereby move to dismiss plaintiff's Complaint.

## SIXTEENTH DEFENSE

Some or all of the alleged injuries sustained by plaintiff were caused solely by the acts or omissions of others and not by reason of any acts or omissions by the Defendants.

## SEVENTEENTH DEFENSE

Some or all of plaintiff's claims are barred by his failure to mitigate damages.

## EIGHTEENTH DEFENSE

The plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

## NINETEENTH DEFENSE

Defendants did not act or fail to act in any manner which violated any clearly established constitutional, federal, or other protected right of plaintiff; accordingly, plaintiff's claims should be dismissed.

## TWENTIETH DEFENSE

Plaintiff has failed to exhaust administrative remedies or provide the necessary ante litem notice under Georgia law, to the extent required.

## TWENTY-FIRST DEFENSE

Defendants specifically reserve the right to raise additional claims or defenses which may become available.

## TWENTY-SECOND DEFENSE

Defendants assert the defense of lack of personal jurisdiction to the extent Defendants were not in charge of overseeing jail detention.

## TWENTY-THIRD DEFENSE

Defendants answer the specific allegations of the plaintiff's First Amended Complaint, in paragraphs which correspond with the paragraphs in the plaintiff's First Amended Complaint, as follows:

1.       In response to the allegations contained in paragraph 1 of the plaintiff's Complaint, Defendants admit that the plaintiff purports to bring this action pursuant to the enumerated statutes and constitutional provisions. Defendants deny any remaining allegations contained in paragraph 1 and specifically deny that they violated any statutory or constitutional provision enumerated in that paragraph or that the plaintiff is entitled to any relief in this action.

2.       In response to the allegations contained in paragraph 2 of the plaintiff's Complaint, Defendants admit this Court has subject matter jurisdiction under the enumerated statutes. Defendants specifically deny that they violated any statutory or constitutional provision enumerated in that paragraph or that the plaintiff is entitled to any relief in this action.

3.       In response to the allegations contained in paragraph 3 of the plaintiff's Complaint, Defendants admit that venue is proper under 28 U.S.C. § 1391.

4.       In response to the allegations contained in paragraph 4 of the plaintiff's Complaint, Defendants admit plaintiff was incarcerated at the Charles B. Webster Detention Center. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in paragraph 4 of plaintiff's Complaint.

5.       In response to the allegations contained in paragraph 5 of the plaintiff's Complaint, Defendants admit Augusta-Richmond County, Georgia is a political subdivision of the State of Georgia. Defendants deny the remaining allegations contained in paragraph 5 of plaintiff's Complaint and specifically deny that Defendant Augusta has been properly served as required by law.

6. In response to the allegations contained in paragraph 6 of the plaintiff's Complaint, Defendants admit that Defendant Roundtree is a named defendant in this action and may be served as provided for by law. Defendants deny the remaining allegations contained in paragraph 6 of plaintiff's Complaint and specifically deny that Defendant Roundtree has been properly served as required by law.

7. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 8 of the plaintiff's Complaint.

9. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 9 of the plaintiff's Complaint.

10. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 10 of the plaintiff's Complaint.

11. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 11 of the plaintiff's Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the plaintiff's Complaint.

13. Defendants deny as stated the allegations contained in paragraph 13 of the plaintiff's Complaint, and specifically deny having any knowledge as alleged in said paragraph.

14. Defendants deny the allegations contained in paragraph 14 of the plaintiff's Complaint.

15. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 15 of the plaintiff's Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 16 of the plaintiff's Complaint.

17. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 17 of the plaintiff's Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the plaintiff's Complaint.

19. Defendant realleges, adopts and incorporates, as fully as if repeated herein, its responses to paragraphs 1 through 18 of plaintiff's Complaint.

20. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 20 of the plaintiff's Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the plaintiff's Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the plaintiff's Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the plaintiff's Complaint.

24. Defendant realleges, adopts and incorporates, as fully as if repeated herein, its responses to paragraphs 1 through 23 of plaintiff's Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the plaintiff's Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the plaintiff's Complaint.

## **TWENTY-FOURTH DEFENSE**

Any allegations contained in the plaintiff's Complaint that are not admitted, denied or otherwise responded to above are hereby specifically denied.

WHEREFORE, Defendants pray:

a.  That plaintiff's Complaint be dismissed with all costs assessed against the plaintiff, and judgment be entered in favor of Defendants; and

b.  That the Court grant such other and further relief as it deems necessary and proper.

This 14th day of October, 2025.

/s/ *Davis A. Dunaway*
Davis A. Dunaway
Georgia Bar No. 232902
*Attorney for Defendants*

OF COUNSEL:
HULL BARRETT, PC
Post Office Box 1564
Augusta, Georgia 30903
(706) 722-4481 telephone
(706) 722-9779 facsimile
ddunaway@hullbarrett.com

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing Answer of Defendants Brandon Watson, Tyler Holland, Jonathan Olivares and Calvin Purcell with the Clerk of Court using the NextGen CM/ECF system and served upon the parties and/or their counsel of record by depositing a copy of the same in the United States Mail with proper postage affixed thereto to ensure proper delivery to the following:

Chace Hawk<br>
Hawk Law Group<br>
338 Telfair Street<br>
Augusta, GA 30901

This 14th day of October, 2025.

*/s/ Davis A. Dunaway*
Davis A. Dunaway